WILLIAM A. WILLIAMSON, Appellant, *v.* ATLAS POWDER COMPANY, Respondent.

*Commissions — action to recover broker's commissions on sale of merchandise.*

*Williamson* v. *Atlas Powder Co.*, 212 App. Div. 68, reversed.

(Argued October 20, 1925; decided November 24, 1925.)

APPEAL from a judgment, entered March 3, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The action was to recover broker's commissions upon a sale of merchandise. Upon the trial no attempt was made to show that plaintiff was the producing cause of the sale but it was argued that plaintiff was entitled to the commission under a certain agreement by the terms of which plaintiff surrendered a right to brokerage on another sale. The Appellate Division directed a dismissal of the complaint on the ground that the alleged agreement had not been pleaded.

*William H. Clark* for appellant.

*James E. Duross* for respondent.

Judgment of the Appellate Division reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division, on the dissenting opinion of MERRELL, J., below.

Concur: HISCOCK, Ch. J., CARDOZO, POUND and ANDREWS, JJ. Dissenting: McLAUGHLIN, CRANE and LEHMAN, JJ.

―――――――

DAVID SCANLON, Respondent, *v.* BING S. STEVENS, Individually and as Executor of ELBERT E. STEVENS, Deceased, et al., Appellants.

*Trespass — flooding of lands by maintenance of dam at outlet of lake.*

*Scanlon* v. *Stevens*, 211 App. Div. 833, affirmed.

(Argued October 20, 1925; decided November 24, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department,

entered November 20, 1924, affirming a judgment in favor of plaintiff entered upon a verdict. The action was in trespass to recover damages for the alleged flooding of plaintiff's lands at the head of Lake Bonaparte in the town of Diana, alleged to have been caused by the maintainance by the defendants of a dam across the outlet of Lake Bonaparte thereby impounding the waters of the lake and causing the water to rise to such a height that the lands of the plaintiff were overflowed and the damages alleged in the complaint sustained. The answer admitted the existence of the dam in question but denied that damage was caused by any act of the defendants in maintaining said dam and impounding the waters in said lake. It further alleged prescriptive rights to impound the waters in said lake to the height to which they were raised.

*Thomas Burns, A. F. Mills* and *Fred K. Felshaw* for appellants.

*W. A. Porter* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

MILLIE SMITH, Appellant, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Respondent.

*Insurance (accident) — action to recover on policy of accident insurance — defense that death was caused by disease and not by accident.*

*Smith* v. *Mass. Bonding & Ins. Co.*, 207 App. Div. 682, affirmed.
(Argued October 21, 1925; decided November 24, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 11, 1924, reversing a judgment in favor of plaintiff entered upon a verdict. The action was to recover upon a policy of accident and health insurance issued by the defendant to the plaintiff's husband and in which the plaintiff was named as beneficiary. The complaint alleged that while the policy was in full force and effect